UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VINOD PATEL,

                      Petitioner,

-against-

ROBERT CUNNINGHAM,

                      Respondent.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-3687 (CBA)

**AMON, Chief United States District Judge.**

On June 22, 2015, petitioner Vinod Patel, proceeding <u>pro se</u>, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Patel is currently incarcerated at Woodbourne Correctional Facility following conviction in Nassau County. However, he challenges a separate conviction in Queens County, the sentence for which he says he has already served. (Petition ("Pet.") at 19.)[1] Petitioner has previously sought a writ of habeas corpus in this Court under 28 U.S.C. § 2254 challenging the same Queens County conviction. (<u>See also</u> Pet. at 18 (acknowledging previously filed case, <u>Patel v. Martuscello</u>, No. 10-cv-4804).)

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") grants to the federal courts of appeals a gatekeeping function with respect to the filing of second or successive habeas corpus petitions. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). "[A] district court must transfer uncertified successive motions to [the Court of Appeals] pursuant to 28 U.S.C. § 1631, the provision authorizing transfer to cure want of jurisdiction." <u>Torres v. Senkowski</u>, 316 F.3d 147, 151-52 (2d Cir. 2003). A § 2254 petition is "classified as 'second or

---

[1] Patel has a separate habeas petition pending before this Court. <u>See</u> <u>Patel v. Martuscello</u>, No. 10-cv-5695. That petition challenges his Nassau County conviction, for which he is serving an indeterminate sentence of 12 to 15 years. <u>See</u> http://nysdoccslookup.doccs. ny.gov/GCA00P00/WIQ3/WINQ130 (last visited July 16, 2015).

1

successive' if a prior petition, challenging the same conviction, has been decided 'on the merits.'" Graham v. Costello, 299 F.3d 129, 132 (2d Cir. 2002). Absent unusual circumstances not present here, "a petition dismissed as time-barred is considered a decision on the merits." Quezada v. Smith, 624 F.3d 514, 518-20 (2d Cir. 2010).

This Court dismissed Patel's earlier petition as time barred. Patel v. Martuscello, No. 10-cv-4804, 2011 WL 703943, at *5 (E.D.N.Y. Feb. 16, 2011). His new petition is therefore a second or successive petition and requires Second Circuit authorization before this Court may consider it. The Clerk of the Court shall transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. Upon transfer of this petition, the Clerk of the Court is respectfully requested to close this case. If the Second Circuit authorizes petitioner to proceed in this matter, petitioner shall move to reopen under this docket number. The Clerk of the Court is also respectfully requested to serve a copy of this Memorandum and Order on petitioner and to make a notation of the service in the docket.

SO ORDERED.

Dated: Brooklyn, New York
August 5, 2015

/S/ Chief Judge Carol Bagley Amon
Carol Bagley Amon J
Chief United States District Judge